In the United States District Court
For the Western District of Michigan

__Gerald Kent Robinson__

FILED - GR
June 28, 2013 2:19 PM
TRACEY CORDES, CLERK
U S DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
BY _ns_/_____ SCANNED BY /\\S 6/28

(Enter above the full names of all plaintiffs, including prisoner number, in this action.)

v.

__Kent County, by and through the Kent County Jail Administration, Under Sheriff Jon Hess and Captian Randy Demory__

(Enter above the full name of the defendant or defendants in this action.)

**1:13-cv-705**
Robert J. Jonker - U.S. District Judge
Hugh W. Brenneman - Magistrate Judg

## COMPLAINT

I. **Previous Lawsuits**

**CAUTION:** The Prison Litigation Reform Act has resulted in substantial changes in the ability of incarcerated individuals to initiate lawsuits in this and other federal courts without prepayment of the required $350 filing fee. Accurate and complete responses are required concerning your litigation history. Generally, a plaintiff's failure to accurately and completely answer the questions set forth below will result in denial of the privilege of proceeding *in forma pauperis* and require you to pay the entire $350 filing fee regardless whether your complaint is dismissed.

A. Have you ever filed a lawsuit while incarcerated or detained in any prison or jail facility? Yes ☐ No ☒

B. If your answer to question A was yes, for each lawsuit you have filed you must answer questions 1 through 5 below. Attach additional sheets as necessary to answer questions 1 through 5 below with regard to each lawsuit.

1. Identify the court in which the lawsuit was filed. If it was a state court, identify the county in which the suit was filed. If the lawsuit was filed in federal court, identify the district within which the lawsuit was filed.

   _____

2. Is the action still pending? Yes ☐ No ☐

   a. If your answer was no, state precisely how the action was resolved: _____

   _____

3. Did you appeal the decision? Yes ☐ No ☐

4. Is the appeal still pending? Yes ☐ No ☐

   a. If not pending, what was the decision on appeal? _____

   _____

5. Was the previous lawsuit based upon the same or similar facts asserted in this lawsuit? Yes ☐ No ☐

   If so, explain: _____

   _____

II. Place of Present Confinement __Kent County Corectional Facility__

If the place of present confinement is not the place you were confined when occurrence that is subject of instant lawsuit arose, also list the place you were confined: _____

-1-


III. **Parties**

A. Plaintiff(s)

Place your name in the first blank and your present address in the second blank. Provide the same information for any additional plaintiffs. Attach extra sheets as necessary.

Name of Plaintiff: Gerald Kent Robinson

Address: 703 Ball, Grand Rapids, Mi. 49503

B. Defendant(s)

Complete the information requested below for each defendant in this action, including whether you are suing each defendant in an official and/or personal capacity. If there are more than four defendants, provide the same information for each additional defendant. Attach extra sheets as necessary.

Name of Defendant #1: Kent County

Position or Title: 

Place of Employment: 

Address: 

Official and/or personal capacity?: 

Name of Defendant #2: 

Position or Title: Kent County Jail administration

Place of Employment: 

Address: 701 Ball ave. N.E., Grand Rapids, Mi. 49503

Official and/or personal capacity?: 

Name of Defendant #3: Under Sheriff Jon Hess

Position or Title: Under Sheriff to Jail

Place of Employment: Kent County Jail

Address: 701 Ball ave, N.E., Grand Rapids, Mi. 49503

Official and/or personal capacity?: 

Name of Defendant #4: Capt. Randy Demory

Position or Title: Captain of Jail

Place of Employment: Kent County Jail

Address: 701 Ball ave, N.E. Grand Rapids, Mi. 49503

Official and/or personal capacity?: 

Name of Defendant #5: 

Position or Title: 

Place of Employment: 

Address: 

Official and/or personal capacity?:

IV. **Statement of Claim**

State here, as briefly as possible, the facts of your case. Describe how each defendant is personally involved. Include also, the names of other persons involved, dates and places. Do not give any legal arguments or cite any cases or statutes. If you intend to allege a number of related claims, number and set forth each claim in a separate paragraph. Use as much space as you need. Attach extra sheets if necessary.

On June 1st, 2013 I began my current incarceration at Kent County Correctional Facility (KCCF). Prior to this I was receiving medical treatment for opioid addiction from Dr. John Campbell through Project Rehabs Cherry Street Services and Life Guidance Methadone Clinic. Upon arrival at KCCF I was advised I would not receive methadone treatment (MT) per administrative policy. As a result of being denied MT I was involuntarily forced into a severe, prolonged and dangerous withdrawal. The State of Michigan regulates Methadone Treatment Programs (MTP) and religates the discontinuation and/or detoxification of MT to the descretion of the licenced MTP. These State provisions suggest and/or imply and give rise to a constitutionally protected interest in being detoxified off methadone by the medically approved protocol iniciated by the MTP and prescribing Doctor. Because the MTP in which I participated is State and Federally licenced and subject to governmental regulations, I had a governmental induced expectation that my MT would be terminated only by the MTPs prescribed protocol of detoxification. I claim that this expectation constituted a liberty interest protected by the "due procees clause" of the law. No where in the State or Federal regulations governing MTPs does incarceration abrigate the MTPs right to detoxify its patients nor does it abrigate the patients right to be detoxified by the participating MTP. I claim the KCCF policy denied me my right to "due procees" under the law as well as denied me "equal protection" under the law. Kent County has had two licenced MTP in Grand Rapids for over 10 years and services approximately 600 patients at any given time. Using even the most conservative

(Last Revised: November 2012)

2

estimate of 6 of 1% of these patients that there is a real probability of 1 MT patient being in KCCF experiencing methadone withdrawl due to KCCF's policy denying them treatment on any given day in a 1200 bed jail. Considering this over a 10 year peroid the Defendants are bound to have known or should have known that their policy was the sole moving force and causitive factor in inflicting pain and suffering as well as cruel and unusual punishment on MT patients denied their medication, of which I am one. I claim that their failure to address this issue leads one to believe that they must have encouraged or at least condoned this treatment of prisoners, thus in either case, adopted as standard operating proceedure, the unnecessary and wanton infliction of pain on me and a standard of deliberate indifference to my serious medical needs. I also claim that this is not an isolated or single act of misconduct alleged of the Defendants because this is the third time I have been denied MT while housed at KCCF. Each time I experienced the described effects of methadone withdrawl and suffered a severe, painfull and prolonged withdrawl. The last time I had to be hospitolized due to the effects of the withdrawl and probably do not have a statutory claim to relief because of it but it still shows the establishment of a series of continous violations on the part of the Defendants against me and clearly leads to the inferance that they deliberately violated my rights and thought that they were above the law.

I claim as a pre-trial detainee that jail is to be the least restrictive means to ensure my appearance and participation in Court proceedings. I am not suppose to spend my time waiting to go to court, because I could not post bond, in physical

pain and misery caused by the Defendants. This policy denies me MT. I claim that this policy violates my Constitutional right preventing any government from implementing any law that violates my civil rights. I also claim that the policy in question holds no legal authority under Michigan law as it is not nor has it ever been promulgated as a controlling policy or rule with any statutory power of enforcement and that the State and Federal regulations governing MTPs superceeds any KCCF policy and/or opinion of the Defendants in their justifications in denying me MT.

I further claim that KCCF has no compelling governmental intests in denying me MT and that their policies, practices, and or proceedures used to deny me MT are discriminatory and prejudicial and are not the least restrictive means to further any governmental interests, especially in light of the following facts: The KCCF medical department routinely dispenses methadone (provided by an outside MTP) to female inmates. The Defendants are clearly aware of a "serious medical need" to administer methadone to these patients. KCCF medical department routinely administers Controlled Substances to it's inmate population on a daily basis and has anti-diversionary proceedures in place that ensure that diversion is not possible. MTPs dispense methadone in a liquid form and must be consumed under direct observasion and this practice has met with no resistance since its inception in the 1960's. This practice work well in MTP's throughout the world and it works well in the County Jails that provide MT to its inmates including several County Jails in Michigan. I claim that based on these facts and the fact that

4.

woman can receive any kind of treatment. Defendants pick and choose who will and will not receive treatment by hiding behind an antiquated, prejudicial, discriminatory and illegal policy which serves nothing more than to satisfy the Defendants moral judgement of people who have sought treatment for their disability of drug addiction and that this policy's end result is nothing short of disrupting the patients progress of recovery and increasing the probability of failure and return to a life of drug addiction and crime. Considering the Federal Statistics showing the advantages and benifits of Methadone treatment I would think that this alone would be a compelling reason that the KCCF Defendants as a governmental agency dealing with the epidemic of drug addiction and crime would adopt a attitude that would foster the reduction of drug abuse and the reduction of crime rather than being hauled into Federal Court by me to bring attention to their ongoing violation of my civil rights and their standard operating proceedure of denying prisoners civil rights in general.

V. **Relief**

State briefly and precisely what you want the court to do for you.

I claim relief against the named Defendants in their offical and personal capacity and they acted under the color of law and caused me "injury" by their violation of an undetermed number of my civil rights, partially detailed in this complaint. I seek compensation for "pain and suffering", "cruel and unusual punisment" and deliberate indifference to my serious medical needs. Punative damages, declaratory and injunctive relief is sought and any other relief justice sees as appropriate, plus 1 million dollars.

6-24-2013                                  Jerald Kent Robinoe
Date                                          Signature of Plaintiff


**NOTICE TO PLAINTIFF(S)**

The failure of a *pro se* litigant to keep the court apprised of an address change may be considered cause for dismissal.

(Last Revised: November 2012)