UNITED STATES OF AMERICA
UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

_____

GERALD KENT ROBINSON,

                    Plaintiff,                  Case No. 1:13-cv-705

v.                                         Honorable Robert J. Jonker

COUNTY OF KENT et al.,

                    Defendants.

_____/

## <u>ORDER</u>

This is a civil rights action brought by a state prisoner pursuant to 42 U.S.C. § 1983. On July 19, 2013, the Court granted Plaintiff's application to proceed *in forma pauperis* and ordered him to pay a partial filing fee of $35.56 within 28 days (docket #4).  Plaintiff did not pay the fee or respond to the Court's order.  Consequently, on September 11, 2013, the Court issued an opinion and judgment (docket ##5, 6) dismissing the complaint without prejudice for lack of prosecution.  The matter presently is before the Court on Plaintiff's motion to reopen the case (docket #7), which the Court construes as a motion for relief from judgment pursuant to Rule 60(b) of the Federal Rules of Civil Procedure.

A Rule 60(b) motion may be granted only for certain specified reasons: (1) mistake, inadvertence, surprise, or excusable neglect; (2) newly discovered evidence; (3) fraud, misrepresentation, or the like; (4) the judgment is void; (5) the judgment has been satisfied, released, or discharged, or a prior judgment upon which it is based has been reversed or otherwise vacated, or it is no longer equitable that the judgment should have prospective application; or (6) any other

reason justifying relief from the operation of the judgment. When none of these enumerated examples of Rule 60(b) apply, relief may only be available when exceptional or extraordinary circumstances are present. *Cincinnati Ins. Co. v. Byers*, 151 F.3d 574, 578 (6th Cir. 1998).

Plaintiff asserts that he had sufficient funds to pay the initial partial filing fee when he filed his complaint and application to proceed *in forma pauperis*, but he did not have sufficient funds when the Court issued its order. Thus, by the time that he received the Court's order, he could not comply with it. He now asks the Court to reopen the case to allow his action to proceed instead of requiring him to file his complaint in a new action.

The Court finds no basis for vacating its judgment and reopening the case. If Plaintiff's financial circumstances changed such that he was not able to comply with the Court's order, he could have notified the Court of his new circumstances at any time while his case was still pending, or within a reasonable period of time after the Court dismissed the case. Plaintiff is responsible for actively prosecuting his case by responding to the Court's orders in a timely fashion. He failed to do so. Thus, for the reasons discussed herein and in the opinion and judgment issued September 11, 2013,

**IT IS ORDERED** that Plaintiff's motion to reopen (docket #7) is **DENIED**.


Dated:      January 22, 2014            /s/ Robert J. Jonker
                                        ROBERT J. JONKER
                                        UNITED STATES DISTRICT JUDGE

-2-